No. 25-1277

———————————————————————

In the
United States Court of Appeals
For the Sixth Circuit

————————

**TAMRA CULTON**

**Plaintiff-Appellant,**

v.

**UNIFI AVIATION, LLC**

**Defendant-Appellee**.

On Appeal from the United States District Court
for the Eastern District of Michigan
Docket No. 2:22-cv-12102
The Honorable Susan K. DeClercq

—————————————————————

**PLAINTIFF-APPELLANT TAMRA CULTON'S BRIEF ON APPEAL**

**ORAL ARGUMENT REQUESTED**

—————————————————————

Carla D. Aikens (P69530)
Rejanae M. Thurman (P85701)
CARLA D. AIKENS, P.L.C.
615 Griswold Street, Suite 709
Detroit, Michigan 48226
carla@aikenslawfirm.com
(844)835-2993                    Dated: July 7, 2025

1

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ...........................................................................3

STATEMENT REQUESTING ORAL ARGUMENT....................................4

JURISDICTIONAL STATEMENT ...............................................................5

STATEMENT OF ISSUES FOR REVIEW....................................................6

STATEMENT OF THE CASE .......................................................................7

SUMMARY OF THE ARGUMENT ............................................................11

ARGUMENT................................................................................................12

CERTIFICATE OF COMPLIANCE ...........................................................19

ADDENDUM...............................................................................................20

CERTIFICATE OF SERVICE.....................................................................21

# INDEX OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986)............................................16

*Howard v. Nationwide Prop. & Cas. Ins. Co*., 306 F. App'x 265 (6th Cir. 2009)..14

*Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380 (1993)......................................................................................................12

*Proctor v. Northern Lakes Cmty. Mental Health Auth*., 560 F. App'x 453 (6th Cir. 2014) ........................................................................................................................14

*Reeves v. Sanderson Plumbing Products*, 530 U.S. 133 (2000)..............................19

## <u>STATEMENT REQUESTING ORAL ARGUMENT</u>

Pursuant to Fed. R. App. P. 34(a)(1) and Sixth Circuit Rule 34(a), Plaintiff- Appellant Tamra Culton respectfully requests that the Court grant oral argument in this appeal. The issues presented involve the district court's denial of Plaintiff's Motion for an Extension of Time to File an Appeal, implicating the excusable neglect standard under Fed. R. App. P. 4(a)(5)(A). Also, the District Court's decision granting Defendant's Motion for Summary Judgment, along with the legal issues presented in that decision, warrant oral argument before this Court which will aid the Court in resolving this important procedural and equitable issue.

## JURISDICTIONAL STATEMENT

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. 1291. On September 27, 2024, the district court entered an opinion and order granting judgment in Defendant's favor. (Opinion, R.54, PageID.1066-1086; Judgment, R.55, PageID.1087). The court denied reconsideration on January 24, 2025. (Opinion Denying Motion for Reconsideration, R.63, PageID.1168-1182). Plaintiff then filed a Motion for Extension of Time to File Notice of Appeal under Fed. R. App. P. 4(a)(5) (Motion for Extension, R.66, PageID.1191-1196), which was denied on March 19, 2025. (Order, R.67, PageID.1197-1199). With that final order standing, Plaintiff timely filed the instant appeal. (Notice of Appeal, R.68, PageID.1200).

## <u>STATEMENT OF ISSUES FOR REVIEW</u>

1. Whether the district court abused its discretion in denying Plaintiff's Motion for an Extension to File an Appeal under Fed. R. App. P. 4(a)(5)(A) despite evidence of excusable neglect of the short duration of the delay.

   Plaintiff-Appellant        says:        Yes.

   Defendant-Appellee likely says:  No.

2. Whether the district court failed to properly weigh the factors such as prejudice, good faith, and reason for the delay in evaluating Plaintiff's showing of excusable neglect.

   Plaintiff-Appellant        says:        Yes.

   Defendant-Appellee likely says:  No.

3. Whether the trial court erred by granting Defendant-Appellee's Motion for Summary Judgment?

   Plaintiff-Appellant        says:        Yes.

   Defendant-Appellee likely says:  No.

## <u>STATEMENT OF THE CASE</u>

Plaintiff-Appellant TAMRA CULTON ("Plaintiff" or "Plaintiff-Appellant") is an African American woman who worked for UNIFI AVIATION, LLC ("Defendant" or "Defendant-Appellee") as a gate agent (customer service agent) at Detroit Metropolitan Airport. (R.12, Amended Complaint, ¶ 7; R.49-1, Culton Dep. at 36:4-10). Plaintiff began working at the airport in February 2008, initially with a contractor for Delta Air Lines, and later joined DGS (now Unifi) that same year. (*Id*. at 35:11-14). She remained employed there until her termination in August 2020 (*Id*. at 42:1–9).

As a CSA, Plaintiff's responsibilities included boarding and deplaning passengers, assisting travelers, and ensuring adherence to airline and airport protocols. (*Id*. at 37:21–24). Plaintiff worked under the supervision of various managers and was required to wear a uniform per Delta and Defendant's policies (*Id*. at 37: 21-24). Plaintiff's duties were confined to the gates and did not involve working at the ticket counter or baggage services (*Id*. at 23:6-12). In 2020, during the COVID-19 pandemic, Delta implemented a face mask policy requiring employees to wear either a solid black mask or a disposable Delta- issued mask (ECF No. 42-5, PageID.653). Plaintiff testified she was never personally informed of this policy or given a written copy of it. (R. 49-1, Culton Dep. at 94:9– 95:21).

On August 5, 2020, Plaintiff wore a rainbow-striped mask to work. (Id. at 122:14-17). She was approached by her supervisors, Robin Cauchi and Tamika Knox, who told her the mask was noncompliant. Cauchi pointed at the mask and said, "We don't support that," which she interpreted as a derogatory reference to LGBTQ+ pride, given the rainbow colors (Id. at 84:1-85:7). Plaintiff described Cauchi's tone as "rude" and "disrespectful" (Id. at 85:3–7). She was issued a verbal warning and posted a video about the incident to a Facebook group for gate agents (Id. at 137:2-9; 118:11–23; ECF No. 42-1, PageID.556).

On August 13, 2020, Plaintiff wore a mask with the words "Black Lives Matter." (*Id*. at 122:18-21). She was approached by supervisor Robyn Banks and told to remove it. (*Id*. at 101:2-102:5). Plaintiff testified that she was sent to Performance Manager Cassandra Donald's office, where she informed her that the mask could be considered "offensive or political," referencing the company's social media policy (*Id*. at 101: 2-8; 107:12-15; Donald Dep at 46:11-14). Plaintiff refused to remove the mask, was sent home, and later received a corrective action (ECF No. 42-17, PageID.694).

On August 19, 2020, Plaintiff inadvertently wore a rainbow-striped mask on her wrist while arriving at work. (*Id*. at 112:4-113). She testified that she did so unintentionally because it was the first mask she grabbed that morning (*Id*. at 112:11-17). She was again approached by a supervisor and issued another corrective action

(ECF No. 42- 17, PageID.694). Later that same day, Cassandra Donald recommended Plaintiff's termination, citing repeated noncompliance with mask policies, social media posts critical of Defendant, and an allegedly threatening message that Plaintiff denies writing (ECF No. 42-17, PageID.694). Plaintiff testified she never saw the message until her deposition and categorically denied writing it (R.49-1, Culton Dep. at 170:19–21). On August 25, 2020, Plaintiff was terminated from her employment. On August 22, 2020, Plaintiff wrote a letter to Defendant alleging discrimination based on the events of August 5 and August 13 (R.42-1, PageID.558; ECF No. 42- 17, PageID.700; R.49-1, Culton Dep. at 174:24–25, 175:1–15, 24-25,176:1-15

On January 23, 2024, Defendant filed a Motion for Summary Judgment (R.42, Defendant's Motion for Summary Judgment), arguing that Plaintiff failed to establish a prima facie case of discrimination, retaliation, or hostile work environment. On September 27, 2024, the district court granted Defendant's Motion for Summary Judgment (R.54, PageID.1086). Plaintiff filed a timely Motion for Reconsideration, which was denied by the district court. (R.58)

Due to her lead counsel's pregnancy and the preparation for maternity leave, Plaintiff's counsel did not become aware of the court's denial of the Motion for Reconsideration until February 28, 2025, when opposing counsel contacted her about costs (R.66, PageID.1192). Plaintiff promptly filed a Motion for an Extension

of Time to File a Notice of Appeal on March 7, 2025, citing excusable neglect and relying on *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993) (*Id.*). Plaintiff argued that counsel's pregnancy, workload, and medical condition contributed to the oversight and emphasized that she acted diligently once she learned of the order (*Id.*).

On March 19, 2025, the district court denied the Motion for an Extension of Time, finding that Plaintiff had failed to establish excusable neglect despite the circumstances described (R.67, PageID.1197–1199). On March 22, 2025, Plaintiff filed a timely Notice of Appeal (R.68). Plaintiff now appeals the denial of her motion, arguing that the district court abused its discretion by failing to apply the Pioneer factors fairly and equitably given her counsel's circumstances and that she diligently pursued her appellate rights.

## SUMMARY OF THE ARGUMENT

The District Court abused its discretion in denying Plaintiff's motion to extend the time to file a notice of appeal, resulting in the unjust deprivation of her appellate rights. The Supreme Court's decision in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380 (1993), requires courts to apply a flexible, equitable standard to excusable neglect, considering factors such as prejudice, the length of delay, the reason for the delay, and good faith. The district court failed to properly weigh these factors, disregarding the unique personal circumstances of lead counsel's pregnancy and unduly relying on the mere presence of other counsel of record. This error warrants reversal of the denial of Plaintiff's motion.

The district court further erred by granting summary judgment to Defendant on Plaintiff's claims of race discrimination, sex discrimination, retaliation, and hostile work environment under Title VII of the Civil Rights Act and Michigan's Elliott-Larsen Civil Rights Act. The court improperly weighed the evidence, failed to draw reasonable inferences in Plaintiff's favor, and invaded the province of the jury by making credibility determinations. Plaintiff presented substantial evidence of discriminatory disparate treatment, pretext, and retaliatory conduct that precluded summary judgment as a matter of law.

# ARGUMENT

## I.   The District Court Abused Its Discretion in Denying Plaintiff's Motion to Extend Time to File Notice of Appeal

The district court abused its discretion in denying Plaintiff's motion for an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5)(A). The Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. (1993), established that excusable neglect is an equitable concept that requires consideration of four factors: (1) the danger of prejudice to the non-movant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. The district court's analysis failed to properly apply this standard, resulting in an unjust denial of Plaintiff's appellate rights.

### A. Absence of Prejudice to Defendant

No evidence in the record suggests that granting Plaintiff's requested extension would have prejudiced Defendant in any way. Defendant had already obtained summary judgment in its favor, fully resolving the case at the district court level. There was no ongoing litigation that could have been disrupted by a late appeal. The Sixth Circuit has consistently held that minimal delays that do not impair the opposing party's ability to defend the judgment on appeal are not prejudicial.

See *Howard v. Nationwide Prop. & Cas. Ins. Co.*, 306 F. App'x 265, 267 (6th Cir. 2009). Defendant would have retained its full right to defend the summary judgment ruling before the appellate court. The district court's failure to recognize the absence of prejudice weighed improperly against granting Plaintiff's motion.

## B. Length of Delay and Impact on Proceedings

The delay in this case was minimal and caused no disruption to the judicial proceedings. Plaintiff's counsel filed the motion for extension within days of discovering the oversight. Courts have recognized that short delays of this nature particularly where the underlying case has already been decided have no meaningful impact on the judicial process. See *Proctor v. Northern Lakes Cmty. Mental Health Auth.*, 560 F. App'x 453, 457 (6th Cir. 2014). Here, the district court's summary judgment order had resolved the entire case, and granting an extension would have merely preserved Plaintiff's appellate rights without requiring any further district court action.

## C. Reason for the Delay

The reason for the delay lead counsel's pregnancy and imminent maternity leave was a unique and compelling personal circumstance outside of her reasonable control. Courts in the Sixth Circuit have recognized that personal difficulties, health issues, and similar challenges can constitute excusable neglect. See *Howard*, 306 F. App'x at 267. The district court's focus on the fact that multiple counsel of record

13

received electronic notification failed to appreciate the practical realities of case management, where primary responsibility for monitoring filings often rests with lead counsel. The district court's failure to weigh this unique personal circumstance appropriately undermines the equitable analysis required by Pioneer.

### D. Good Faith

Upon discovering the oversight, Plaintiff's counsel acted promptly and in good faith by filing the motion for extension and explaining the reason for the delay. There is no evidence of intentional delay, gamesmanship, or an effort to gain a strategic advantage. *Pioneer*, 507 U.S. at 395, emphasizes that prompt, good faith action favors granting relief. Plaintiff's counsel's diligence and honesty weigh heavily in favor of granting the extension.

The district court's undue reliance on the presence of additional counsel who received electronic notice, without considering the equitable circumstances affecting lead counsel, was a misapplication of the Pioneer standard and an abuse of discretion. Accordingly, the denial of the motion should be reversed.

## II.    The District Court Erred in Granting Summary Judgment Because Genuine Issues of Material Fact Exist Regarding Plaintiff's Discrimination and Retaliation Claims

The district court erred in granting summary judgment to Defendant on

Plaintiff's claims of race discrimination, sex discrimination, retaliation, and hostile work environment under Title VII of the Civil Rights Act of 1964 and Michigan's Elliott-Larsen Civil Rights Act. Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The Supreme Court in *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986), instructs that courts must view all evidence and draw all reasonable inferences in favor of the non-movant. The district court failed to apply this standard, erroneously weighing the evidence and making credibility determinations that are reserved for the jury.

## A. Genuine Issues of Material Fact Exist Regarding Disparate Treatment

To survive summary judgment on her discrimination claims, Plaintiff must establish a prima facie case, including showing she was treated differently than similarly situated employees outside her protected classes. The district court's conclusion that Culton failed to do so was erroneous.

Culton identified multiple examples of employees violating the same uniform policies without consequence, including:

1. Wearing masks with writing or symbols, despite a uniform mask policy.

2. Wearing nonconforming belts, such as red belts instead of black or navy.

3. Wearing non-uniform hats, including a male employee wearing a navy

15

"veterans" hat daily.

Although the court criticized Plaintiff for lacking detailed knowledge of these employees' names, races, or supervisory awareness, these are factual disputes appropriate for a jury. The cumulative evidence raises a reasonable inference of selective enforcement against Plaintiff because of her protected status.

Further, Plaintiff testified that: 1) she had no prior discipline in twelve years of employment; and 2) the workforce had been reduced, increasing supervisory burden and likelihood supervisors were aware of other violations. This testimony supports an inference that Defendant's enforcement was uneven and discriminatory.

These factual disputes regarding knowledge of policy violations, treatment of similarly situated employees, and Plaintiff's long clean record are classic jury questions, not grounds for summary judgment.

## B. The District Court Improperly Dismissed the Retaliation Claim

The district court erred in holding that Plaintiff's conduct, including wearing masks supporting African American and LGBTQ communities, did not constitute protected activity under Title VII.

Plaintiff engaged in protected opposition through: 1) wearing masks symbolizing support for LGBTQ and Black Lives Matter communities, which relate to protected characteristics; 2) submitting a written complaint explicitly articulating her belief of workplace discrimination.

16

Under Sixth Circuit and Supreme Court precedent, informal objections and symbolic acts opposing perceived discrimination are protected under Title VII's opposition clause. The court's reliance on First Amendment law was misplaced because Title VII protections apply in private employment contexts.

Moreover, the close temporal proximity between Plaintiff's protected activity and her termination supports an inference of retaliation. Plaintiff was terminated five days after submitting her complaint which is sufficient to create circumstantial evidence to raise a genuine issue of causation.

### C. Plaintiff's Hostile Work Environment Claims Were Improperly Barred and Dismissed on the Merits

The district court incorrectly barred Plaintiff's hostile work environment claims because they were not explicitly included in the EEOC charge and declined to apply liberal construction because Plaintiff was represented by counsel.

This rigid procedural ruling ignores that Courts routinely permit claims reasonably related to or arising from the same factual allegations as the EEOC charge to proceed to ensure just resolution.

On the merits, while the court found the isolated mask-related incidents insufficiently severe or pervasive, Plaintiff presented evidence of multiple occasions where she was singled out and told not to wear masks supporting protected communities; explicit negative comments linked to her expression of race and sex-

based identities; and the eventual termination following these incidents. Viewed as a whole, a reasonable jury could find that these actions created an objectively hostile work environment.

### D. Pretext and Credibility Determinations Are Jury Questions

Once Plaintiff established a prima facie case, Defendant's non-discriminatory reason for termination, policy violations, were shown to be pretextual by evidence including:

1. Other employees violated the same policies without consequences.

2. Lack of evidence that Plaintiff engaged in social media misconduct as alleged.
3. Inconsistent enforcement of the uniform policy.
4. Plaintiff's unblemished twelve-year record prior to these events.

As held in *Reeves v. Sanderson Plumbing Products*, 530 U.S. 133 (2000), determining pretext involves assessing credibility and weighing evidence, which are jury functions, not for summary judgment. The district court improperly resolved these factual disputes against Plaintiff rather than allowing the jury to make credibility determinations

### CONCLUSION AND REQUESTED RELIEF

WHEREFORE, Plaintiff-Appellant respectfully requests that this Honorable Court REVERSE the District Court's Order denying Plaintiff's Motion for an Extension of Time to File Notice of Appeal, REVERSE the District Court's Opinion and Order granting Defendant's Motion for Summary Judgment, VACATE the

Judgment, and REMAND the case for trial and further proceedings consistent with this Court's opinion, and grant such other and further relief as this Court deems just and proper.


Dated: July 7, 2025                           Respectfully Submitted,

                                              /s/ Carla D. Aikens
                                              Carla D. Aikens, (P69530)
                                              Carla D. Aikens, P.L.C.
                                              *Attorneys for Plaintiff*


## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with the type volume limitations pursuant to Fed. R. App. P. 32(a)(7)(B). The foregoing brief contains words of 3,386 Times 14-point proportional type. The word processing software used to prepare this brief was Microsoft Word.


Dated: July 7, 2025              Respectfully Submitted,

                                /s/ Carla D. Aikens
                                Carla D. Aikens, (P69530)
                                Carla D. Aikens, P.L.C.
                                *Attorneys for Plaintiff*

# ADDENDUM

## DEISNGATION OF RELEVANT DISTRICT COURT DOCUMENTS

| Record Entry No. | Document Description | Page Number of Electronic Record |
|---|---|---|
| R. 12 | Plaintiff's Amended Complaint | PageID.62-69 |
| R. 42 | Defendant's Motion for Summary Judgment | PageID.510-757 |
| R. 48 | Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment | PageID.775-795 |
| R.49:1-7 | Plaintiff's Exhibits in Support of Plaintiff's Motion for Summary Judgment | PageID.796-1051 |
| R. 54 | Opinion and Order Granting Defendant's Motion for Summary Judgment | PageID.1066-1068 |
| R. 55 | Judgment | PageID.1087 |
| R. 58 | Plaintiff's Motion for Reconsideration | PageID.1111-1130 |
| R. 63 | Opinion and Order Denying Plaintiff's Motion for Reconsideration | PageID.1168-1182 |
| R. 66 | Plaintiff's Motion for Extension to File Notice of Appeal | PageID.1191-1196 |
| R. 67 | Opinion and Order Denying Plaintiff's Motion for Extension to File Notice of Appeal | PageID.1197-1199 |
| R. 68 | Notice of Appeal | PageID.1200 |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein through the electronic filing system on July 7, 2025 by:

<u>*/s/ Carla D. Aikens*</u>

CARLA D. AIKENS, P.L.C.

Attorneys for Plaintiff
615 Griswold Suite 709
Detroit, MI 48226
carla@aikenslawfirm.com