No. 25-1277

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Oct 27, 2025

KELLY L. STEPHENS, Clerk

TAMRA CULTON,                              )
                                          )
      Plaintiff-Appellant,               )
                                          )
v.                                        )              O R D E R
                                          )
UNIFI AVIATION, LLC, fka Global Services,  )
LLC,                                      )
                                          )
      Defendant-Appellee.                )

Before: MOORE, COLE, and GRIFFIN, Circuit Judges.

Plaintiff Tamra Culton appeals a district court order denying her an extension of time to appeal the district court's orders granting summary judgment to defendant Unifi Aviation, LLC and denying reconsideration. Unifi moves to dismiss Culton's appeal for lack of jurisdiction because she primarily seeks review of the summary-judgment and reconsideration rulings. Culton concedes that she did not timely appeal the summary-judgment and reconsideration rulings. She nonetheless asserts that we should deny the motion to dismiss.

First, Culton asserts that Unifi's delay in seeking dismissal waived its right to do so. But we have an independent obligation to consider our subject-matter jurisdiction, and subject-matter jurisdiction can never be waived or forfeited. *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Because Culton failed to timely appeal the summary-judgent and reconsideration rulings, we lack jurisdiction to review

them.  And, absent subject-matter jurisdiction, we have "no power but to dismiss the case; [we] may not address the merits." *Taylor v. Owens*, 990 F.3d 493, 496 (6th Cir. 2021).

Second, Culton asserts that we take a pragmatic approach when interpreting Rule 4 and construes pleadings liberally to preserve appellate review.  Culton is correct that the form or caption on a pleading does not control its construction, and that "a single pleading may serve more than one function." *Winters v. Taskila*, 88 F.4th 665, 669 (6th Cir. 2023).  Culton did not invoke Rule 4(a)(6) in her motion for extension, which permits a district court to reopen the time to appeal. Fed. R. App. P. 4(a)(6).  But her request for an extension may also be construed as one for reopening that period if it contained information "functionally satisf[ying] the requirements for a motion to reopen." *Winters*, 88 F.4th at 671.  A district court may reopen the time to file an appeal if it finds, among other things, that the movant did not receive notice of the entry of the order sought to be appealed within twenty-one days of its entry.  Fed. R. App. P. 4(a)(6)(A).  In her motion for extension, however, Culton addressed only one of her attorney's reasons for missing the filing deadline.  She did not squarely state that this attorney did not receive notice.  She did not address whether any of her other attorneys received notice, and court records indicate that all of her attorneys received notice.  Instead, she focused on the inequities of denying her an extension, notwithstanding her counsels' receipt of the notice.

Finally, Culton contends that one of the relevant considerations in determining whether excusable neglect occurred is whether denying an extension of time "would unjustly deprive a party of appellate review of potentially meritorious claims."  Certainly, "determinations of excusable neglect sound in equity and take 'account of all relevant circumstances surrounding the party's omission.'" *Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453, 459 (6th Cir. 2014) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  "Meritoriousness," however, does not "affect[] this court's jurisdiction." *Miller v. William Beaumont Hosp.*, 121 F.4th 556, 558 (6th Cir. 2024) (order).

No. 25-1277
-3-

We therefore lack jurisdiction to consider Culton's arguments addressing the summary-judgment and reconsideration rulings. Unifi, however, seeks dismissal of the appeal in its entirety because Culton only nominally appeals the denial of her motion for an extension of time. We generally do not grant motions to dismiss that are not based on threshold procedural grounds. 6 Cir. R. 27(d). We decline to deviate from that policy here. Culton devotes multiple pages in her brief to this issue, relies on legal authorities, and offers reasoned analysis in support of her argument. This court ultimately might conclude that Culton's arguments are insufficient. *See United States v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2006) ("[I]t is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)). But, at this juncture, we decline to dismiss on this basis.

Accordingly, the motion to dismiss is **GRANTED IN PART**. To the extent Culton addresses issues on appeal that concern the grant of summary judgment or the denial of reconsideration, we lack jurisdiction to consider those issues.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk