No. 25-1277

# In the United States Court of Appeals
# for the Sixth Circuit

TAMRA CULTON, Plaintiff-Appellant,

v.

UNIFI AVIATION, LLC, FKA DAL
GLOBAL SERVICES, LLC, Defendant-Appellee.

*ON APPEAL FROM A FINAL ORDER AND JUDGMENT
BY THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION*

**DEFENDANT-APPELLEE'S RESPONSE BRIEF**

NEIL B. PIOCH
　*Counsel of Record*
LITTLER MENDELSON, P.C.
500 Woodward Ave., Suite 2600
Detroit, Michigan 48226
(313) 202-3180
npioch@littler.com

## CORPORATE DISCLOSURE STATEMENT

Appellee-Defendant Unifi Aviation, LLC ("Appellee" or "Unifi") is a subsidiary of AirCo Aviation Services, LLC, which wholly owns Unifi.  Argenbright Holdings IV, LLC and Scrub Holdings, Inc., are ultimately owned by the same owners and collectively are the majority members of AirCo Aviation Services, LLC.  Delta Air Lines, Inc., a publicly held corporation, is the minority member of AirCo Aviation Services, LLC.  No company owns 10% or more of Delta Air Lines, Inc.'s stock.  No other entities have a direct or indirect interest in the outcome of this case.

Dated: January 9, 2026

*/s/Neil B. Pioch*

i

## TABLE OF CONTENTS

Corporate Disclosure Statement………………………………………………………..i

Table of Contents……………………………………………………………………...ii

Table of Authorities…………………………………………………………………..iv

Statement of Oral Argument……………………………………………………….vi

Introduction……………………………………………………………………...1

Statement of Jurisdiction………………………………………………………1

Statement of the Issue…………………………………………………………….2

Statement of the Case…………………………………………………………….3

    A. Factual Background……………………………………………………….3

    B. District Court Rulings at Issue on Appeal………………………………4

Standard of Review…………………………………………………………………4

Summary of the Argument………………………………………………………5

Argument………………………………………………………………………...7

    A. The FRAP 4(a) and Section 2107 Deadlines Are Jurisdictional and Extensions Are Strictly Limited To FRAP 4(a)(5) and 4(a)(6)…………………………...7

    B. The District Court Applied the Correct Standard and Did Not Abuse Its Discretion Because "Excusable Neglect" in the Sixth Circuit Is Strict and Reserved for Extraordinary Circumstances……………………………………….8

    C. The "Reason for Delay" Factor Carries Decisive Weight and Appellant's Reasons Are Routine and Controllable—Especially Given Four Attorneys of Record Receiving Notice……………………………………………………….9

    D. Sixth Circuit and Federal Circuit Authority Confirms Counsel's Duty to Monitor CM/ECF and Failure To Do So Justifies Denial of Rule 4 Relief………………………………………………………………………….11

    E. The District Court Correctly Applied FRAP 4(a)(4)(A): The Clock Restarted on Jan. 24, 2025 and the Extension Motion Was Timely Within the Post-Deadline Window But Properly Denied on the Merits………………..13

    F. Culton's Delay Prejudiced Unifi and the District Court Properly Denied FRAP 4(a)(5) Relief…………………………………………………………………14

Conclusion and Relief Requested……………………………………………….16

Addendum: Designation of Electronic Documents Referenced…………………..18

Certificate of Compliance with Type-Volume Limit, Typeface Requirements and Typeface Requirements and Type-Style Requirements…………………………...19

Certificate of Service…………………………………………………………………20

## TABLE OF AUTHORITIES

### RULES

6th Cir. R. 28(b)(1)(A)(i)……………………………………………………18

6th Cir. R. 30(g)(1)………………………………………………………...18

6th Cir. R. 34(a)……………………………………………………………vi

Fed. R. App. P. 4…………………………………………………..*passim*

Fed. R. App. P. 4(a)(5)……………………………………………….*passim*

Fed. R. App. P. 4(a)(4)(A)(iv)……………………………………………..14

Fed. R. App. P. 4(a)(6)…………………………………….....……….*passim*

Fed. R. App. P. 32(a)(5)…………………………………………………...19

Fed. R. App. P. 32(a)(6) …………………………………………………...19

Fed. R. App. P. 32(a)(7)…………………………………………………...19

Fed. R. App. P. 32(f)………………………………………………………19

Fed. R. App. P. 34(a)......................................................................................vi

Fed. R. Civ. P. 59(e)……………………………………….....1, 6, 13, 14

### STATUTES

28 U.S.C. § 1291……………………………………………………….....1

28 U.S.C. § 2107……………………………………………………….2, 5, 7, 8

Title VII (42 U.S.C. § 2000e, *et seq*.)………………………………………….3

Michigan's Elliot-Larsen Civil Rights Act (MCL 37.2101, *et seq*.)………………...3

### CASES

*Baker v. Raulie*, 879 F.2d 1396,
    (6th Cir. 1989)…………………………………………………5, 6, 9, 16

*Christy v. City of Lansing*,
    893 F.2d 1334 (6th Cir. 1990)……………………………………………..9

*Howard v. Nationwide Prop. & Cas. Ins. Co.,*
     306 F. App'x 265 (6th Cir. 2009)……………………………………………...15

*Howard v. United States,*
     533 F.3d 472 (6th Cir. 2008)……………………………………………..14

*In Re E. Palestine Train Derailment,*
     158 F.4th 704 (6th Cir. 2025)…………………………………………...8

*Kuhn v. Sulzer Orthopedics, Inc.,*
     498 F.3d 365 (6th Cir. 2007)………………………………………………11, 12

*Marsh v. Richardson,*
     873 F.2d 129 (6th Cir. 1989)……………………………………………...5, 6, 9, 16

*Nicholson v. City of Warren,*
     467 F.3d 525 (6th Cir. 2006)…………………………………………….5, 6, 9, 10, 16

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,*
     507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)……….6, 7, 10, 11, 15

*Proctor v. Northern Lakes Cmty. Mental Health Auth.,*
     560 F. App'x 453 (6th Cir. 2014)…………………………...………………15

*Two-Way Media LLC v. AT & T, Inc.,*
     782 F.3d 1311 (Fed. Cir. 2015)…………………………………………….6, 12, 13

*Ultimate Appliance CC v. Kirby Co.,*
     601 F.3d (6th Cir. 2010)……………………………………………...8

*United States v. Elenniss,*
     729 F. App'x 422 (6th Cir. 2018)…………………………………………...10

*United States v. Munoz,* 605 F.3d 359,
     (6th Cir. 2010)………………………………………………………10

v

## <u>STATEMENT OF ORAL ARGUMENT</u>

Pursuant to FRAP 34(a) and 6th Cir. R. 34(a), oral argument is unnecessary. This appeal presents a single, fact-bound issue—whether the district court abused its discretion in denying Appellant's Rule 4(a)(5) motion to extend the time to file a notice of appeal. The record is concise, the law is settled, and the district court's reasoning turned on the reason-for-delay factor: routine calendaring oversights despite four attorneys of record receiving the relevant CM/ECF notices. If the Court schedules argument or grants Appellant's request, Unifi is prepared to address the standard of review, *Pioneer's* factors, and why the denial should be affirmed.

## INTRODUCTION

This appeal concerns only whether the district court abused its discretion in denying Appellant's motion for a Rule 4(a)(5) extension.  The timeline is undisputed: the court denied Appellant's Rule 59(e) motion on January 24, 2025, restarting the 30-day clock and making the notice of appeal due February 24, 2025; Appellant moved for an extension on March 7, 2025; the court denied that motion on March 19, 2025; and Appellant filed her notice on March 22, 2025—untimely absent an extension.  On this record, the district court correctly held that Appellant's reasons were routine and within her control—especially given four attorneys of record received CM/ECF notices—and denied relief.  Accordingly, this Court should affirm the district court's denial of the Rule 4(a)(5) extension.

## STATEMENT OF JURISDICTION

Unifi disagreed with Appellant Culton's Jurisdiction Statement and moved to dismiss the appeal for lack of appellate jurisdiction. Consistent with 28 U.S.C. § 1291 and FRAP 4, this Court has determined in its October 27, 2025 Order (Docket No. 22) that its jurisdiction is limited to review of the district court's order denying Appellant's FRAP 4(a)(5) motion—and does not extend to review of the underlying merits judgment because the notice of appeal was filed after the jurisdictional deadline.  Unifi agrees with the Court's determination and understands that the sole

1

issue on appeal is whether the district court abused its discretion by denying the extension.

This limitation follows from the undisputed timeline: the Rule 59(e) denial entered January 24, 2025 restarted the 30-day clock, making the notice due February 24, 2025 (R.63, Slip. Op. at 1-15); Appellant's extension motion was filed March 7, 2025 (R.66, PageID# 1191-1196) and denied March 19, 2025 (R.67, PageID# 1197-1199); the notice of appeal was filed March 22, 2025 (R. 68, PageID# 1200), and is late absent a granted extension. Consequently, the only appealable order properly before this Court is the Rule 4(a)(5) denial, which is reviewable for abuse of discretion.

As this Court has reiterated, civil appeal deadlines under § 2107 and FRAP 4 are mandatory and jurisdictional, and courts may extend time only as expressly permitted by FRAP 4(a)(5) and 4(a)(6)—a framework the Court applied here in cabining the scope of appellate review. Unifi therefore concurs that the Court's jurisdiction is restricted to the extension ruling and submits that the district court's exercise of discretion should be affirmed.

## <u>STATEMENT OF THE ISSUE</u>

Whether the district court abused its discretion in denying Appellant's motion to extend the time to file a notice of appeal under FRAP 4(a)(5), where the only proffered reasons were routine, controllable law-office circumstances (i.e., one

2

counsel's oversight related to her pregnancy and associated leave) despite three other attorneys of record receiving ECF notices.  *See* Order Denying Extension, R.67, PageID# 1197-1199.

## STATEMENT OF THE CASE

### A.    Factual Background

Tamra Culton, an African American former Delta Airlines gate agent employed by Unifi Aviation, alleged race and sex discrimination, retaliation, and hostile work environment under Title VII (42 U.S.C. § 2000e, *et seq.*) and Michigan's Elliot-Larsen Civil Rights Act (MCL 37.2101, *et seq.*) after her termination for repeated violations of Delta's mask policy and Unifi's social-media policy.  She filed her Complaint on September 6, 2022.  *See* Compl., R.1, PageID# 1-8.

On September 27, 2024, the district court granted summary judgment for Unifi and entered Judgment, dismissing all claims with prejudice.  On October 24, 2024, the Clerk then taxed $4,374.85 in costs against Culton.  *See* Op. & Order, R.54, PageID# 1066-1086; Judgment, R.55, PageID# 1087; Taxed Bill of Costs, R. 57, PageID#1109-1110).

On October 25, 2024, Culton filed a Rule 59(e) motion to reconsider (R. 58, PageID# 1111-1130) and October 31, 2024, she filed a motion to review costs (R.60, PageID# 1134-1138).  On January 24, 2025, the court denied both motions—

3

restarting the 30-day appeal clock under FRAP 4(a)(4)(A) and making the notice of appeal due February 24, 2025. *See* Op. & Order Denying Plaintiff's Motion To Reconsider and Motion for Review of the Clerk's Taxation (R.63, Slip Op. at 1-15).

## B.     District Court Rulings at Issue on Appeal

Instead of timely filing a notice of appeal by February 24, 2025, Culton moved on March 7, 2025 for an extension under FRAP 4(a)(5), asserting one of her four attorney's inadvertent oversight.  On March 19, 2025, the district court denied the motion, concluding the reasons were routine, controllable law-office circumstances and noting that four attorneys of record received CM/ECF notices while the explanation accounted for only one.  *See* Mot. to Extend, R.66, PageID# 1191–1196; Order Denying Extension, R.67, PageID# 1197–1199.

Culton filed her notice of appeal on March 22, 2025—late absent a granted extension. The Sixth Circuit has limited the appeal to the Rule 4(a)(5) denial, i.e., whether the district court abused its discretion in refusing to extend the time for the notice of appeal.  *See* Notice of Appeal, R.68, PageID# 1200; Sixth Circuit Order, Doc. 22 (Oct. 27, 2025).

## STANDARD OF REVIEW

A district court's denial of an extension under FRAP 4(a)(5) is reviewed for abuse of discretion. The Sixth Circuit applies a strict excusable-neglect standard, reserving relief for extraordinary or unique circumstances; routine law-office

mistakes generally do not qualify.  See *Nicholson v. City of Warren*, 467 F.3d 525, 526-27 (6th Cir. 2006) (reviewing denial of FRAP 4(a)(5) extension for abuse of discretion; explaining that excusable neglect is a "strict standard" met only in extraordinary cases and that ignorance of the rules or routine mistakes do not qualify); *Baker v. Raulie*, 879 F.2d 1396, 1399-1401 (6th Cir. 1989) (holding that denial or grant of a FRAP 4(a)(5) extension is reviewed for abuse of discretion; emphasizing that extensions are reserved for "unique or extraordinary circumstances" and that an attorney's busy trial schedule does not constitute excusable neglect); *Marsh v. Richardson*, 873 F.2d 129, 130-132 (6th Cir. 1989) (reviewing denial of FRAP 4(a)(5) extension for abuse of discretion; holding that excusable neglect is a "strict" standard met only in extraordinary cases and rejecting attorney's vacation, miscalculation, and workload as insufficient).

## SUMMARY OF THE ARGUMENT

Federal civil-appeal deadlines under 28 U.S.C. § 2107 and FRAP 4(a) are mandatory and jurisdictional, and extensions are permitted only under FRAP 4(a)(5) and 4(a)(6).  Consistent with the Court's prior October 27, 2025 jurisdiction Order (Doc. 22), the question here is whether the district court abused its discretion in denying Rule 4(a)(5) relief.  It did not; the order should be affirmed.

The governing standard is abuse of discretion, and "excusable neglect" in the Sixth Circuit is a strict, extraordinary-circumstances doctrine.  Routine law-office

5

problems—workload, travel, miscalendaring, coverage gaps, or clerical oversights—do not qualify.  That is the consistent teaching of the Circuit's core Rule 4(a)(5) cases (including *Nicholson*, *Baker*, and *Marsh*), and persuasive decisions reject "we simply forgot"-type explanations as insufficient. Appellant's proffered reasons fit squarely within those routine, controllable categories.

Under *Pioneer*, the Court weighs several equitable factors, but the "reason for the delay" carries decisive weight in Sixth Circuit practice—particularly whether the delay was within the movant's control.  Here, the record shows four attorneys of record received the CM/ECF notices, yet the explanation addresses coverage and calendaring for only one.  That is a reason fully within counsel's control, and it defeats excusable neglect.

Relatedly, counsel have an affirmative duty to read orders and monitor the electronic docket.  Sixth Circuit authority (e.g., *Kuhn*) and persuasive decisions from sister circuits (e.g., *Two-Way Media* from the Federal Circuit) confirm that when multiple attorneys receive NEFs, neglect arising from failure to read the orders or track docket activity is not excusable.  The Clerk's taxation of costs in Unifi's favor further signaled finality and the need for diligence.

The district court correctly applied FRAP 4(a)(4)(A).  Appellant's timely Rule 59(e) motion (R. 58) tolled the appeal period, and the clock restarted upon denial on January 24, 2025, making the notice due February 24, 2025.  Although Appellant

6

filed her Rule 4(a)(5) motion within the 30-day post-deadline window (March 7, 2025), the district court properly denied it on the merits because no excusable neglect was shown—again, especially considering there is no dispute that multiple attorneys of record received notice.

Finally, prejudice and administration concerns reinforce the denial. Appellant's delay imposed additional motion practice, prolonged finality, and deferred recovery of taxed costs—harms the Sixth Circuit recognizes in weighing *Pioneer's* factors. On this concise, fact-bound record, the district court acted well-within its discretion. For these reasons, the district court's order denying Appellant's Rule 4(a)(5) motion (R. 67) should be affirmed.

## ARGUMENT

The district court properly denied Rule 4(a)(5) relief because Appellant's explanation—coverage and calendaring issues for one attorney—did not account for the fact that four attorneys of record received the relevant CM/ECF notices. In Sixth Circuit practice, the "reason for delay" carries the greatest weight, and routine law office oversights—such as this—does not constitute excusable neglect. On this concise record, the court's conclusion was amply supported and should be affirmed.

**A.    The FRAP 4(a) and Section 2107 Deadlines Are Jurisdictional and Extensions Are Strictly Limited To FRAP 4(a)(5) and 4(a)(6).**

Federal civil appeal deadlines in 28 U.S.C. § 2107 and FRAP 4(a) are mandatory and jurisdictional. Courts lack authority to extend time except as the

rules explicitly permit (e.g., excusable neglect/good cause within 30 days; reopening for non-receipt under narrow conditions). See *Ultimate Appliance CC v. Kirby Co.*, 601 F.3d 414-16 (6th Cir. 2010) (holding Rule 4's civil-appeal deadlines are "mandatory and jurisdictional").

Sixth Circuit decisions make clear that equitable tolling or judge-made exceptions do not apply to § 2107 and FRAP 4(a) timelines. Rather, the only avenues are 4(a)(5) and 4(a)(6), applied strictly. See *In Re E. Palestine Train Derailment*, 158 F.4th 704, 710-711 (6th Cir. 2025) (holding that § 2107's appellate deadlines are "mandatory and jurisdictional," courts may not use equitable powers to add exceptions, and Rule 4(a)(5)(A) implements § 2107(c) and is likewise jurisdictional—so district courts lack authority to grant untimely extension motions).

Because Appellant's proffered reasons for filing the late notice of appeal—routine calendaring and coverage issues despite four attorneys of record receiving CM/ECF notices—are fully within her control and weigh decisively against a finding of excusable neglect, the district court's denial of Rule 4(a)(5) relief should be affirmed.

**B.    The District Court Applied the Correct Standard and Did Not Abuse Its Discretion Because "Excusable Neglect" in the Sixth Circuit Is Strict and Reserved for Extraordinary Circumstances.**

The Sixth Circuit reviews denial of Rule 4(a)(5) relief for abuse of discretion and applies a strict excusable-neglect standard—ordinary oversight, workload,

travel, or miscalendaring do not qualify.[1]  The Sixth Circuit has rejected routine clerical oversights as excusable neglect under FRAP 4(a)(5). In *Christy v. City of Lansing*, 893 F.2d 1334 (6th Cir. 1990) (unpublished), this court affirmed a district court's refusal to permit a late notice of appeal where counsel's secretary "simply forgot" to file on time—holding that such an excuse does not meet the "excusable neglect" standard and that denial of the extension was not an abuse of discretion. That nonprecedential but persuasive result is consistent with this Circuit's strict approach—as exemplified in *Nicholson*, *Baker*, *Marsh*—and it squarely undercuts Appellant's reliance on ordinary, controllable office lapses—here, a single attorney's oversight despite four record attorneys receiving CM/ECF notices. Accordingly, Culton did not meet the strict excusable-neglect standard such that the district court's denial of Rule 4(a)(5) relief should be affirmed.

**C.    The "Reason for Delay" Factor Carries Decisive Weight and Appellant's Reasons Are Routine and Controllable—Especially Given Four Attorneys of Record Receiving Notice.**

---

[1] Recall this Court's rulings in *Nicholson,* F.3d 525 at 526–27 (reviewing denial of FRAP 4(a)(5) extension for abuse of discretion; explaining that excusable neglect is a "strict standard" met only in extraordinary cases and that ignorance of the rules or routine mistakes do not qualify); *Baker*, 879 F.2d at 1399-1401 (holding that denial or grant of a FRAP 4(a)(5) extension is reviewed for abuse of discretion; emphasizing that extensions are reserved for "unique or extraordinary circumstances" and that an attorney's busy trial schedule does not constitute excusable neglect); *Marsh,* 873 F.2d at 130-132 (reviewing denial of FRAP 4(a)(5) extension for abuse of discretion; holding that excusable neglect is a "strict" standard met only in extraordinary cases and rejecting attorney's vacation, miscalculation, and workload as insufficient). Hence, these cases make clear that routine law-office disruptions, travel, absences and calendar mistakes are foreseeable and insufficient.

Sixth Circuit decisions apply the factors from *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 385, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) and emphasize the reason for the delay—including whether it was within the movant's control—as the most important factor.  In *Pioneer,* the Supreme Court ruled that "excusable neglect" is an equitable determination and identified four non-exhaustive factors: (1) danger of prejudice; (2) length of delay and its impact on judicial proceedings; (3) reason for the delay, including whether it was within the movant's control; and (4) good faith.  The Court also made clear that clients are accountable for their counsel's acts or omissions.

In applying the *Pioneer* factors, the Sixth Circuit often treats the reason for the delay as the most important factor.  See, e.g., *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010) ("The *Pioneer* factors 'do not carry equal weight; the excuse given for the late filing must have the greatest import. While [the others] might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry'"); *Nicholson*, 467 F.3d at 526-27 (applying *Pioneer* and denying an extension where the movant's proffered reasons—confusion  about the appeal deadline and unspecified medical issues—did not amount to excusable neglect, highlighting the centrality of the movant's reason for delay); *United States v. Elenniss*, 729 F. App'x 422, 425 (6th Cir. 2018) (unpublished) (applying *Pioneer*; "in balancing these factors, the reason for the delay is given the most weight").

10

Because the Sixth Circuit gives decisive weight to the reason-for-delay factor, and Appellant's proffered reasons—routine oversight despite four attorneys of record receiving notice—are squarely within her control, this case falls far short of the "extraordinary circumstances" required for excusable neglect.   Therefore, because the reason for the delay—routine, controllable oversight despite four attorneys of record receiving CM/ECF notices—was squarely within Appellant's control, the *Pioneer* factors—with the reason-for-delay carrying decisive weight— foreclose any claim of excusable neglect, and the district court's denial of Rule 4(a)(5) relief should be affirmed.

**D.     Sixth Circuit and Federal Circuit Authority Confirms Counsel's Duty to Monitor CM/ECF and Failure To Do So Justifies Denial of Rule 4 Relief.**

The Sixth Circuit squarely holds that parties and counsel have an affirmative duty to monitor the electronic docket and that a district court may deny Rule 4 relief—even when the rule's predicates are met—where counsel fails to discharge that duty.  In *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 371 (6th Cir. 2007)— a decision issued nearly two decades ago, when electronic filing was far less routine—this Court affirmed denial of a Rule 4(a)(6) motion, explaining that lack of clerk notice "is not a ground, by itself, to warrant finding an otherwise untimely appeal to be timely," and that counsel's failure to monitor the electronic docket supported denial.

11

The *Kuhn* panel emphasized that, in the CM/ECF era, an interpretation allowing parties to "ignore entirely the electronic information at their fingertips" would undermine court administration and defies common sense; counsel must either register to receive notices or periodically scan the electronic docket to track orders affecting appellate deadline. *Id.*

Additionally, authority from a sister circuit aligns with *Kuhn*. In *Two-Way Media LLC v. AT & T, Inc.*, 782 F.3d 1311, 1318 (Fed. Cir. 2015) the Federal Circuit affirmed denial of both Rule 4(a)(5) and Rule 4(a)(6) relief and cited *Kuhn* approvingly: counsel cannot rely on imperfect NEFs and must read the orders and monitor the docket, particularly where multiple attorneys received the filings and costs were taxed, signaling finality.

*Two-Way Media* again confirms that actual receipt of orders triggers a duty to read the orders and monitor the docket—especially when multiple counsel receive the notices. *Two-Way Media* found that even a complete lack of clerk notice, without more, is insufficient to warrant extension; counsel must show additional equitable factors, and they may not simply rely on email notices without reading the orders or checking the docket. See *Two-Way Media,* 782 F.3d at 1315-18. The court emphasized that costs awarded to a prevailing party signaled finality, that many attorneys received the NEFs and some downloaded the orders, and that neglect was

12

not excusable where counsel failed to read the underlying orders or monitor the docket for corrections. See *Two-Way Media,* 782 F.3d at 1316.

Those principles are directly applicable to this record. After Culton's appeal clock restarted on January 24, 2025 when the district court denied the Rule 59(e) motion—making the notice of appeal due February 24, 2025—Appellant did not file a timely notice. Instead, she filed a Rule 4(a)(5) motion on March 7, 2025 (R.66, PageID# 1191-1196), asserting a single attorney's oversight. The district court found four attorneys of record received CM/ECF notices but the explanation accounted for only one, and denied the motion on March 19, 2025 (R.67, PageID# 1197-1199). That reasoning accords with *Two-Way Media's* duty-to-monitor holding: when multiple counsel actually receive orders, neglect arising from failure to read or track entries is not excusable under Rule 4(a)(5).

Further, as in *Two-Way Media*, the taxation of costs against Culton ($4,374.85 on October 24, 2024, R.57) was an additional finality signal that diligent counsel should have seen and acted upon. The district court specifically noted the costs and denied Appellant's efforts to reopen or undo them—underscoring Unifi's reliance interests and the need for all four counsel of record to independently monitor the docket. Consequently, because four of Culton's counsel actually received the orders yet failed to read them or monitor the docket despite clear finality signals—including the taxed costs—the neglect for filing Culton's late notice of appeal is not excusable

13

under Rule 4(a)(5). This routine law-office oversight—despite multiple counsel receiving notice—is not excusable and the denial of Rule 4 relief should be affirmed.

**E.    The District Court Correctly Applied FRAP 4(a)(4)(A): The Clock Restarted on Jan. 24, 2025 and the Extension Motion Was Timely Within the Post-Deadline Window But Properly Denied on the Merits.**

Under FRAP 4(a)(4)(A), a timely motion to alter or amend judgment automatically tolls the period for filing a notice of appeal. See *Howard v. United States,* 533 F.3d 472, 475 (6th Cir. 2008) ("[u]nder Fed. R. App. P. 4(a)(4)(A)(iv), a timely Rule 59(e) motion automatically tolls the period for filing a notice of appeal"). Accordingly, Appellant's deadline was February 24, 2025 (30 days from Jan. 24, 2025). She moved for an extension on March 7, 2025—within the 30-day post-deadline window permitted by Rule 4(a)(5)—but the district court denied relief on the merits, finding no excusable neglect. *See* R.66, PageID# 1191-1196; R.67, PageID# 1197-1199. Thus, the district court correctly applied Rule 4(a)(4)(A) and, although Appellant's extension motion was procedurally timely, its denial on the merits was proper because no showing of excusable neglect was made.

**F.    Culton's Delay Prejudiced Unifi and the District Court Properly Denied FRAP 4(a)(5) Relief.**

Granting Culton's post-deadline extension would have burdened judicial administration, delayed finality, and imposed additional costs on Unifi—forms of prejudice the Sixth Circuit recognizes. The 30-day appeal clock restarted on January 24, 2025 when the court denied reconsideration (making the notice due February 24,

14

2025) and, instead of filing a timely notice, Culton forced Unifi and the district court to address a new round of motion practice by filing her Rule 4(a)(5) motion on March 7, 2025 (R.66, PageID# 1191-1196). The district court properly denied that motion on March 19, 2025 (R.67, PageID# 1197-1199), expressly noting four attorneys of record received ECF notices and the explanation accounted for only one—underscoring that the delay was routine and controllable and not excusable (R.67, PageID# 1197-1199). This late motion also prolonged Unifi's recovery of taxed costs (the Clerk taxed $4,374.85 on October 24, 2024, which, to date, Culton has not paid), delaying closure and enforcement—classic reliance and administrative harms that the Sixth Circuit treats as valid prejudice to deny relief.

Notably, Appellant's cited authorities do not help her. *Howard v. Nationwide Prop. & Cas. Ins. Co.,* 306 F. App'x 265 (6th Cir. 2009) affirmed a denial where a three-week delay "significantly impacted" judicial proceedings, confirming that prejudice includes shortening the court's time and burdening case management—precisely what happened here when Unifi had to brief an avoidable extension request after the jurisdictional deadline passed. Likewise, *Proctor v. Northern Lakes Cmty. Mental Health Auth.,* 560 F. App'x 453, 457 (6th Cir. 2014) affirmed denial, emphasizing that district courts need not slog through every *Pioneer* factor where the reason-for-delay is dispositive and within the movant's control. It also reiterates that ignorance or confusion about rules is not excusable neglect.

15

The Sixth Circuit's core FRAP 4(a)(5) cases—*Nicholson*, *Baker*, and *Marsh*—apply a strict excusable-neglect standard reserved for extraordinary circumstances, rejecting routine law-office errors, workload, vacation, and miscalendaring. Taken together, these cases confirm that administrative burdens, delayed finality, and disturbed reliance interests count as prejudice and that routine oversight despite multiple counsel receiving notice is not excusable neglect. Accordingly, the district court correctly found prejudice and properly denied the extension under FRAP 4(a)(5).

## CONCLUSION AND RELIEF REQUESTED

For the reasons set out above, this appeal presents a straightforward, fact-bound application of settled law. The undisputed timeline, the strict excusable-neglect standard, the decisive weight given to the reason-for-delay, and counsel's duty to read orders and monitor the docket all point in the same direction: Appellant's late filing resulted from routine, controllable law-office oversights despite four attorneys of record receiving CM/ECF notices. On this record, the district court acted well within its discretion in denying Rule 4(a)(5) relief. The order should be affirmed.

WHEREFORE, Unifi respectfully requests that the Court:

1. Affirm the district court's March 19, 2025 order (R.67) denying Appellant's Rule 4(a)(5) motion to extend the time to file a notice of appeal;

2. Decline to address the merits of the underlying judgment given the Court's prior jurisdictional ruling limiting review to the Rule 4(a)(5) denial (Doc. 22); and

3. Award costs to Unifi under FRAP 39 and any other relief the Court deems appropriate.

Dated: January 9, 2026                    Respectfully submitted,

                                          /s/Neil B. Pioch
                                          NEIL B. PIOCH
                                              *Counsel of Record*
                                          LITTLER MENDELSON, P.C.
                                          500 Woodward Ave., Suite 2600
                                          Detroit, Michigan 48226
                                          (313) 202-3180
                                          npioch@littler.com

17

## ADDENDUM: DESIGNATION OF ELECTRONIC DOCUMENTS REFERENCED

Pursuant to 6th Cir. R. 30(g)(1) and 28(b)(1)(A)(i), Appellee designates the following electronically filed district court documents referenced in this brief. Each item is identified by its record entry number and PageID range:

| Record Entry | Description | PageID Range |
|---|---|---|
| R.1 | Complaint | PageID# 1–8 |
| R.54 | Opinion & Order Granting Summary Judgment | PageID# 1066–1086 |
| R.55 | Judgment | PageID# 1087 |
| R.57 | Taxed Bill of Costs | PageID# 1109–1110 |
| R.58 | Plaintiff's Rule 59(e) Motion for Reconsideration | PageID# 1111–1130 |
| R.60 | Motion to Review Costs | PageID# 1134–1138 |
| R.63 | Opinion & Order Denying Reconsideration and Costs | Slip Op. at 1–15 |
| R.66 | Motion to Extend Time to File Notice of Appeal | PageID# 1191–1196 |
| R.67 | Order Denying Extension | PageID# 1197–1199 |
| R.68 | Notice of Appeal | PageID# 1200 |

18

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS AND TYPE-STYLE REQUIREMENTS

1.      This document complies with the word limit of Fed. R. App. P. 32(a)(7) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 3,688 words, inclusive of footnotes.

2.      This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, size 14 point.

*/s/Neil B. Pioch*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 9, 2026, true and correct copies of the foregoing Response Brief for Appellant-Defendant Unifi Aviation, LLC was filed with the Clerk for the United States Court of Appeals for the Sixth Circuit and served on the parties through the Court's electronic CM/ECF filing system.

*/s/Neil B. Pioch*

20